Good morning, Your Honors. If it may please the Court, I'm Dan Kloberdance for the Appellant, Neighborhood Improvement Projects, LLC. I'd like to reserve, if possible, maybe four minutes for rebuttal, depending on how things go. That's my plan, at least. The central issue presented to this Court is whether or not a homeowner association lien under Arizona law is summarily enforceable, or in other words, is it co-aid, at the time the homeowner association assessments become due. The IRS and myself agree on a few things. And one thing that is agreed upon is that the holder of a security interest, as defined by Section 6323 of the Code, is entitled to priority over a later recorded IRS lien, if you qualify as a security interest. That's an agreement. The United States wants this Court to adopt a summarily enforceable test that provides that a security interest against real property is not perfected, or in other words, is inco-aid, the purpose of the Federal law, if the creditor must resort to judicial action to enforce its lien. So that's the argument you're making. Counsel, may I suggest that don't we have a threshold question about mootness? Thank you. The lien has been disposed of, has it not? The lien has been paid after the litigation was filed. Yes, we do, Your Honor. I'll address that issue first, if you like. I think you should. Okay, okay, okay. You know, the United States has argued that the case should be dismissed for lack of jurisdiction and mootness because the property was sold during this litigation, and then the tax lien was paid off by the title company, the escrow company, to handle the transaction. Does the record indicate what the payoff figure was? It does not, Your Honor. I mean, the lien was 20-some-thousand dollars. I assume there was some penalty in interest. Are we talking here about $30,000 plus or minus? Plus, $30,000 plus. And what is your client's current claim for relief? Our current claim for relief is we were asking this court to render, pursuant to 2410, an order reversing the district court that determined that the IRS lien, that the HOA lien in question was not summarily enforceable, among other things, and therefore the IRS lien had priority over anything that the HOA would have rendered. So do you have any monetary relief claims left? We don't, Your Honor. We are asking this court to make a determination as to the priority of the liens. And as I've argued in mostly my reply brief, that under 2410, a quiet title action, there's no definition of what a quiet title action is. But there are many court cases, including the Ninth Circuit, that talk about a quiet title action will determine the priority of liens, the competing liens. And that's what we're asking for, is for a determination that here, because the IRS recorded its tax lien after the lawsuit was filed by the HOA, and most importantly, after the assessments were due, that that HOA lien that was foreclosed upon, which resulted in the purchase to my client, had priority over the IRS tax lien that we were forced to pay. And I understand that's the legal issue you'd like us to decide. I think the question, though, is what is the relief that your client is seeking. And that's a different question, because if the lien has been extinguished because it's been paid off, we can't decide hypothetical questions. We can't do that. And so we need to make sure that there actually is a case or controversy still alive in this case. Now, you indicated in response to Judge Christensen's question that your client is not seeking monetary relief. So what is the relief you're seeking? Well, and let me follow up with Judge Owen's question so we've got this fully framed. We've all gone back and looked at the original complaint. The claims for relief in that complaint appear to me to be clearly moot as a result of the fact that the lien's now been satisfied. Your Honor, I don't respectfully would disagree that it's not a fair reading of the complaint, because the complaint is for quiet title. Yes, we are asking for a court declaration that the lien be removed as to that property. But we're also arguing that that's a priority of the lien. For example, the Kasman case by the First Circuit determined that a quiet title relief was a judicial termination of the validity and rank of the competing liens. And I think the only fair reading of our complaint is that's exactly what we're asking for, is for a court determination as to the validity and rank of the competing liens between the Homer Association, on the one hand, and the IRS, on the other hand. No, and I see that, and I think that's clearly what the complaint was asking for. I guess what I'm confused by, and I want your help on this, is that if the lien has been, if the IRS lien has been paid off, if it doesn't exist anymore, then why isn't this just an advisory question you're asking us to answer in this case? If it's not there anymore. Well, if this Court makes a determination, I feel very strongly about this, if this Court makes a determination that the district court erred in its ruling and then we were forced to pay off that lien because the IRS refused to acknowledge that the HOA lien had priority, then we would have some recourse. What would the recourse be?  And it's not under the tax refund policies, because if you read the tax refund policies argued by the IRS, and they're arguing that we didn't follow those requirements under 6325 and 7426, they don't fit. They apply to the, if a certificate of discharge is issued to the taxpayer, then the taxpayer can go through this process. The procedures just don't fit in this case at all. None of those tax refund policies fit, because here it wasn't the taxpayer that paid off the lien. It was a third party that had purchased the property that had been encumbered by the IRS lien that was forced to pay off that lien in order to sell the property. And I hope under just the general good public policy, litigation takes a long time. And when you have an IRS lien stuck in the middle of a piece of property, it's natural that at some point that property needs to be refinanced, which you can't do with an IRS lien in place, or it needs to be sold, because. But the lien's gone. And your client didn't have any trouble selling the property. Well, he did, actually. Well, but he sold the property, and from the proceeds of the property, the lien got paid off. That's correct. If we were to grant the legal relief that you're requesting, would your client be entitled to attorney's fees? I don't know the answer to that question, Your Honor. I don't know what statute we would be entitled to attorney's fees. I can't answer that question. So why does your client want this? I mean, the lien's gone. I'm just – I'm with Judge Owens. I'm trying to figure out why we're still fussing with this. Your Honor, maybe. Why is this important to your client? Because my client had to pay over $30,000 to the IRS out of his proceeds from escrow. So my client paid that lien. The lien we were in litigation over, the lien we felt and still feel very strong today, that should have been extinguished at the sheriff's sale, the IRS should have released once we made a demand for the release, he had to pay that lien out of his own proceeds. Even though he's not the taxpayer that's subject to the IRS lien, the money my client paid came out of my client's own pocket. And while the litigation was pending. So we are hopeful to continue on with this action, have a court declaration as to the priority issue for all the reasons we've stated that this lien is summarily enforceable. It should have been given priority. The district court made an error in ruling that the HOA lien in this particular case was not a summarily enforceable lien. Do you have the complaint in front of you? Excuse me? Do you have the complaint in front of you? I can, Your Honor. Yes. All right. And specifically, I think it's at ER page 61. And specifically count two. If you could take a look at ER 61, count two, paragraphs A and B. Your Honor, what I have is my ER and not the. Okay. If you can look at the complaint, count two. And I know you're referencing the language that we asked that the lien be. It's a claim for relief in count two. Right. And I think why, because I think this is for me. Counsel, this may be out of ordinary, but here it is. And in fact, I've highlighted those two paragraphs. Unfortunately, it's not. But so count two, paragraphs A and B. Paragraph A says you're seeking a judgment of $1,000 or trouble the actual damages caused by the IRS's failure to release the tax lien, whichever is greater. And B, that you're asking for attorney's fees. And I think we asked before if you were asking for money damages, and you indicated no, but the complaint, I think, says you are. Under the wrongful lien, wrongful, there's a statute in Arizona, Arizona specific, that if a party declines to release a lien after demand and then loses in the litigation, that under 33-420, that party is liable for attorney's fees and costs for not having released this lien. Has the IRS waived sovereign immunity as to that claim? I don't believe so, Your Honor. It's akin to, if that type of claim falls under a quiet title action under 2410, then yes. Otherwise, no. I think it's debatable. I haven't really argued that either way. But you're asking for damages here. This is not just clarifying the lien status, which would be covered under 2410. Yeah. Well, I've, we've given up the claim for damages when the property was sold. The monetary claim for damages under count two. When the property was sold, the lien was released. That goes away. The quiet title portion, count one, survives. That's what we're here for. So I acknowledge that our claim for triple the actual damages for not releasing the lien or attorney's fees and costs that flow under subsection C of ARS 33-420. I acknowledge that we're not making a claim for that. Those are gone. Just strictly under count one for quiet title. But in count one, there's no claim for damages, correct? There is no claim for, there's no specific claim for damages. Okay. So your damage claim now is the $30,000 plus or minus that your client paid to satisfy a lien that your client contends did not have priority. Exactly. That would be our claim now. And where are you going to, where are you, I mean, obviously that wasn't in the complaint because when the complaint was filed, the lien hadn't been satisfied. But how do you, how do you practically get that claim asserted? Are you going to have to file an amended complaint or what happens here? The plan would be to file an amended complaint. I mean, the action would be remanded. This was a granting of a motion for summary judgment by the district court. If that's reversed, the case is remanded. And I could ask for a relief that was proper. I mean, there is a catch-all for what it's worth. The court grants such other and further relief as the court may deem just and proper. It's pretty vague. But that's what I would pursue if this matter would be reversed. Then ask for appropriate relief strictly limited to the amount of the lien that was paid off. Do you want to reserve your time? Yes, I do, Your Honor. Thank you very much. Don't take my copy of the complaint back to your office. Hold on to it for now. No, no, no, no. Keep it for now. I say when we're all done. Fair enough. Fair enough. It has the winning lotto numbers on it. So all right. Counsel, you may proceed. Good morning, Your Honors. I'm Douglas Ray representing the United States in this matter. And as Your Honors pointed out, before we address the lien priority issue that was the merits of this case, there is a jurisdictional problem here. And there are actually two independent reasons why we have a jurisdictional problem in this case, which is, Your Honors, we're discussing there's a mootness issue because there's no effective relief that the court can grant at this point in time. And second, there's a sovereign immunity issue. And they both stem from the fact that the statute that provided the court with jurisdiction in this case, 28 U.S.C. Section 2410, no longer applies. Is there any Ninth Circuit law on the mootness issue as it relates to the facts of this case? There is nothing squarely on point that I'm aware of, Your Honor. That's reassuring because we looked and couldn't find anything. Yeah. Your Honor, we did cite the Johanson case, I believe, from the First Circuit in our brief, which I think is the closest that we were able to locate. Obviously, it's not a Ninth Circuit case, but we think it is analogous. And there was a similar situation there in that the lien was paid off and the court found that the situation was moot. There was no relief they could grant at that point, although there is a factual difference in that the taxpayer had paid off the lien in that case. But the owner, the third-party property owner, was still seeking some type of damages claim in that instance, which appears to be what NIP is trying to obtain in this situation. Regarding the mootness issue, one point that came up, counsel stated that there's no procedure that fits here in order for them to seek a refund in this situation. There is actually a procedure that fits. It's provided under Sections 6325B-4 and Section 7426A-4. And that sets up a procedure for a third-party property owner, such as NIP, to essentially pay off a lien, request a certificate of discharge from the IRS, which if they can then use to request a refund, if that's denied, they then have 120 days to go file a refund claim. They haven't done that here. What they appear to be seeking, as Your Honors pointed out, is an academic or abstract lien priority ruling. And the cases that they have cited for this proposition that the court can determine lien priority under Section 2410, none of those involve the situation where the lien had been released. In all of those, there was still a government interest in the property. And Section 2410 talks about quieting title where the government is claiming a lien. So we would submit that none of these cases that they're relying on would support what they're asking this court to do, which is issue this abstract lien priority decision. The other independent reason why there's a jurisdictional problem in this case is sovereign immunity. Section 2410 waives sovereign immunity for certain types of cases, as provided in that statute. And because we are no longer in a situation where the government is claiming a lien, it no longer allows them to sue the government for damages, which is what they appear to be seeking here. And there are a number of cases on point, such as Judge O'Scanlan's Dun & Platt decision, which discussed the fact that there isn't a waiver of sovereign immunity under Section 2410 when the government has the money, in essence, when there's no longer a dispute over title to the property. NIP relies fairly heavily on a number of cases involving a time of filing rule in the sovereign immunity context. And we would submit that those cases are distinguishable here, because they all involve situations where there was a concern about strategic conduct to manipulate jurisdiction or sovereign immunity. And that arises out of diversity of citizenship cases and has been imported into the federal question context in some situations where there are these concerns. So in most of those cases, like the Bank of Hemet case, what happened was the government had sold the property and then said, well, no, we no longer claim a lien, so there's no longer a waiver of sovereign immunity. The courts had said, no, we disagree with you, government, in these situations where you have sold the property because you're not allowed to out the court of jurisdiction. But that's not the case here. We don't have any concern about the government manipulating the jurisdictional basis here. So if I may, I'd then turn to the merits of the case, which, of course, the court need not reach if it decides there's no jurisdiction. On priority of... Before you do that, I'm still, I have to confess, I'm still a little bit confused here on mootness. We have a complaint, hard copy there on the podium, and it contains two causes of action, claims for relief, neither of which are still existent because of the payoff of the lien. Mr. Cloberdance is saying, however, they still have an issue, they still have a, his client still is concerned about the priority of the lien because in the event we were to disagree with the lower court, then he would be in a position to file an amended complaint or proceed under an IRS regulation and procedure to seek reimbursement of the amount that was paid to satisfy the lien. You know, on the one hand, I'm thinking this case is moot. On the other hand, I've got in the back of my head that this case survives mootness. I mean, somebody's got to try to help me out on this. Maybe you can. Well, Your Honor, I don't see how they could then seek that amount. What they're asking for is essentially a refund. I guess that's what they would be saying in their amended complaint. But the problem with that is the refund procedures, regardless of whether you look at the specific procedure that we assert applies in this situation, or the general refund procedures, all require exhaustion administratively, which they have already disclaimed any intention or any assertion that they have attempted to claim a refund administratively. So we would submit that they don't have that available to them at this point. Okay. So turning to the priority issue, Your Honors, unlike a private party, doesn't have a choice to become a creditor and enjoys certain special protections against competing liens, particularly state-created liens, under the controlling federal law and regulations. And one point that the parties seem to disagree on in the briefing is whether the importance of state law. It's very clear under the case law that federal law controls priority in these situations. A characterization of a lien under state law does not control in this situation. And cases like United States v. ACRI, the Supreme Court decision, say that in essence state law is immaterial in that point. Some of the cases that NIP is relying on in these circumstances, I believe it goes back to the security trust case from the Supreme Court, where that court basically says, yes, we may look at state law to the extent that they're claiming that their lien is not perfected, because that's virtually dispositive of the issue. But it doesn't mean that we simply accept a state's characterization of a state-created lien as perfected. Now, federal liens or federal tax liens are considered perfected upon assessment, even before they're filed. So in a situation like this, a party like NIP can only prevail if its lien is perfected before the IRS assessment. And that occurred on July 4, 2011. Or it qualified under Section 6323A as the holder of security interest before the lien was filed on November 20, 2012. Looking first at that federal test for perfection, the main issue that the parties have discussed is this summarily enforceable requirement. But there's also another issue before that. The perfection standards essentially say that under federal law you have to identify the lien or the amount of the lien and the property subject to the lien. We have a failure of proof in this situation because we don't have the date that the CCRs were filed in the record. And we don't have a date when the original property owner, Sandra Rutter, stopped paying her HOA dues. So we don't have any date where their lien could have been perfected before the federal tax lien arose upon assessment on July 4, 2011. They didn't file suit for another six months after that. So that alone is dispositive before even reaching the summarily enforceable issue. On the summarily enforceable requirement, we'd submit that NIP is essentially trying to characterize this almost as a summarily perfectable requirement. And that is not what the case law says in this situation. Looking at the cases, we would submit that this is much closer to such as the landlord lien in the Supreme Court's decision in Scoville or even the attachment lien which was likened to a list pendants in the security trust case. And it is a difficult requirement to meet. And there are only a few cases that have found that a state-created lien had met the requirement. And those are cases like the Supreme Court's decision in the United States versus Vermont or the Third Circuit decision in Monica Fuel. And in those cases, there were only ministerial acts required for enforcement. There was no judicial contest that the state lien holder had to engage in to perfect the lien. We would also argue one of the points that NIP makes in their briefing is they suggest that the government's position would give it priority over all mortgages and judgment liens. That is not our argument. And the reason that that would not necessarily be the case is because most of those liens are going to qualify under Section 6323A, which puts them in a different category. So Section 6323A, the other way that they could possibly trump the federal tax lien, has its own requirements. But initially, we would point out that they waived this argument below. They didn't make it until the summary judgment stage. They did not mention it in response to interrogatory questions. They didn't mention it in their complaint. Discovery had closed when they raised the argument. There was no way to do any further discovery into whether it qualified under the elements of 6323A. And by waiting to raise this until after, until summary judgment and discovery closed, they essentially precluded any evidence, evidentiary development on the issue. And that goes to show when we look at the elements, there's no evidence of a contract here. The CCRs are not in the record, which is what they're claiming is the contract. So turning to the elements, the main problem here we would submit is that they don't satisfy the requirement that they part with money or money's worth as part of a contractual arrangement. Looking at the requirements under the regulation there, they really seem to be contemplating something that a lender, a bank, a mortgage company would do. Being owed money, which is what they're relying on here, is not the same as parting with money. And a commitment to provide services or money at some point in the future doesn't necessarily satisfy that requirement under the regulations. And with that, I see that I'm rapidly running out of time, so unless the Court has other questions. None. No questions. Thank you very much, counsel. Thank you, Your Honors. Rebuttal. Thank you, Your Honors. The United States is arguing that under the Bank of Hammock case, Ninth Circuit case, the Court somehow that that doesn't apply here. There the Court, in a quiet title action under 2410, with the lien had been taken care of. The Court said the time determines the waiver of sovereign immunity and jurisdiction is determined at the time of filing. That's the law pretty much everywhere, and it's the law of the Ninth Circuit Court of Appeals. And jurisdiction and mootness are, I know they're different, but they do go hand in hand. And there's no reason to suggest to this Court that because the IRS makes a transfer as opposed to the party owning the property, that that causes a difference for purposes of jurisdiction. Either you have jurisdiction because there's a quiet title action pending in which there's an IRS lien in effect, or either you don't. And the Bank of Hammock demonstrates that the fact that the lien has been paid off doesn't end jurisdiction. The waiver of sovereign immunity is determined at the time the complaint is filed. And here when the complaint was filed, there's no dispute that the IRS lien was in place. Counsel mentioned about exhausting administrative remedies and remedies, and I think that's a good point. Here, what remedies did the Neighborhood Improvement Projects have in this case? They lost at the district court level. In the process of filing an appeal, sell the property, the IRS lien is paid after the Court, is actually paid off after the Court makes its decision. There were no administrative remedies available. There may be an administrative remedy available if we get a reversal of the district court action. But there wasn't anything available. Those Sections 6325, 7426, they just don't apply. They don't fit. It's like putting a square peg in a round hole. They do not fit in this action. Real quick on the central issue, there is no distinction in Section 6323A between mortgages and other security interests. Fifty years ago, mortgages was in the statute. It's not in there anymore. The statutes say purchaser, holder of a security interest, mechanics lien or judgment lien creditor. The word mortgage does not appear in 6323. If you apply the summarily enforceable test asked by the United States, and that is if you have to use a judicial foreclosure, then it's not summarily enforceable as a matter of law. That's the position. If you apply that test, then every mortgage in the United States of America, certainly Arizona, is not summarily enforceable, and a duly recorded mortgage would lose priority to a later recorded IRS lien. If you apply the test, the IRS is asking you to apply it. I can see that I'm out of time. Do you have any questions? Thank you very much, Counsel, for your argument. This matter is submitted. Thank you, Your Honor. Thank you. May I approach? Yes. You may bring that back. Thank you, Counsel. And we'll go ahead and call the next case.
judges: O'scannlain, Owens, Christensen